Chief Justice Robertson
delivered tho opinion of the Court.
Mitchell was indicted, under the act of 1827, (session acts, 206) for stabbing, “in a sudden affray, without malice.” The circuit court quashed the indictment, on the ground (we suppose,as no other can be perceived,) that there was no prosecutor.
The commonwealth prosecutes a writ of error to reverse the judgment of the circuit court.
This court has no jurisdiction of the case. In the case, of Montee vs. the commonwealth, it is clearly intimated, that the court of appeals cannot revise the judgment of an inferior court, in.any criminal case, unless it belong exclusively to the class denominated penal, and such is our opinion.
This is not strictly a penal case. Imprisonment is made a part of the punishment, by law. On conviction, the party convicted must go to jail..
There can be no commutation of the imprisonment, which must be assessed by the verdict and judgment. The construction, which we have given in Montee’s case, to the various acts of assembly, bearing on the jurisdiction of this court, in criminal cases, will not allow' an appeal, or writ of error, in any criminal prosecution, if, the sentence of the law, on conviction, must extend beyond the enforcement of a pecuniary fine or penalty.
Denny, attorney general for commonweath; Turner, for defendant.
This construction not only seems to accord with the letter of the law, and with its reason and analogy, but is fortified, by a consideration of the confusion obvious inconveniences, which would necessarily result from any other interpretation. The accused had the right to challenge twenty jurors peremptorily; and consequently, accoáling to the rule in Montee’s case, he cannot prosecute a writ of error.
Wherefore, the writ of error must be dismissed for want of jurisdiction.